JUSTICE GRAY,
dissenting.
¶26 I respectfully dissent from the Court’s opinion.
¶27 The Court correctly cites to § 39-51-2410(5), MCA,.for the standard of review applicable to both the District Court and this Court in *365 reviewing the Board’s decision. Specifically, § 39-51-2410(5), MCA, provides that the Board’s findings of fact are conclusive if supported by evidence and in the absence of fraud. In such an event, the only questions before the District Court and this Court are questions of law. Section 39-51-2410(5), MCA. In this case, I would affirm the District Court’s conclusion that the pertinent findings of the Appeals Referee and the Board were supported by substantial evidence and that McKay’s conduct during the altercation met the applicable definition of “misconduct.”
¶28 The Appeals Referee made a number of findings, including that McKay had been convicted of assault in city court. I agree with the Court that subsequent events — namely, McKay’s acquittal of that charge in district court — rendered the “conviction” finding relatively irrelevant. That was not, however, the only finding — or the only relevant finding — made by the Appeals Referee.
¶29 The Appeals Referee also found that the Choteau Police Department’s policy and procedures manual prohibits involvement in — as well as commission of — a criminal offense, and that the same manual requires city police officers to regulate their personal affairs so as not to bring discredit to the police department. The manual was admitted at the hearing before the Appeals Referee, its contents are not disputed and, therefore, substantial evidence supports those findings.
¶30 Finally, but importantly, the Appeals Referee found that McKay was involved in an off-duty altercation. The evidence of record regarding McKay’s conduct — the Choteau City Attorney’s sworn affidavit — was admitted on motion of McKay himself, and describes McKay’s conduct as follows:
On October 3,1997 at approximately 4:00-4:30 p.m., WADE H. McKAY, SR., hereinafter named McKAY, a Choteau City Police Officer not on duty and in civilian clothes entered the Antler Bar in Choteau, Montana. He remained in said bar drinking alcoholic beverages. Thereafter at approximately 2:00 a.m. McKAY left said bar walking south on Main Street and then west on 2nd Street because he observed a group of individuals behind the Wagon Wheel Bar.
McKAY approached said individuals and then asked Bill Hodgskiss who he was and upon being informed he then asked Bill Hodgskiss how old he was and Hodgskiss replied he was 17 years old. Thereafter the Defendant told Bill Hodgskiss to get his ass *366 home because it was past curfew. Bill Hodgskiss replied that he was there to pick up his brother, Ben Hodgskiss, and cousin, Levi Hodgskiss, as they were of legal age and had been drinking in the bar and therefore they chose not to drive their vehicles. However McKAY insisted Bill Hodgskiss leave the scene immediately.
After loud exchanges, Toby Naylor, age 22, approached McKAY and told him that Bill Hodgskiss was there to pick up his brother and cousin. McKAY then turned around and placed a bottle of beer and go cup on a vehicle. Then with a great amount of force, but with an open palm, McKAY pushed Toby Naylor in the chest causing him to fall backwards to the ground on his back and right side and skidded approximately 10 feet after hitting the ground from McKAYs blow to the chest.
McKAY then turned to Bill Hodgskiss and pointing said to him and the group that was standing there, ‘You and the rest of these sons of bitches get home” and at the same time pointing to all of the individuals standing there.
In my view, the affidavit constitutes substantial evidence in support of the Appeals Referee’s finding that McKay was involved in an altercation.
¶31 On this record, I would conclude that substantial evidence supports the Appeals Referee’s findings. As a result, and since no question of fraud is raised, the findings are conclusive. See § 39-51-2410(5), MCA.
¶32 The only remaining question, then, is whether McKay’s conduct meets the legal standard of misconduct, which is willful or wanton disregard of the employer’s interests or deliberate disregard of standards of behavior the employer has the right to expect of an employee. See Rule 24.11.460(1), A.R.M. The Appeals Referee, the Board and the District Court concluded that the conduct at issue was misconduct under that definition, and I agree. McKay was “involved in” the criminal offense of assault, notwithstanding the district court jury’s failure to convict him of that offense under the stringent beyond a reasonable doubt standard. Moreover, it can hardly be disputed that McKay’s conduct failed to meet the manual’s requirement that police officers regulate their personal affairs so as not to bring discredit on the police department. In my view, McKay’s conduct was conduct in willful or wanton disregard of the interests of his employer and conduct which deliberately disregarded standards of behavior the police *367 department had the right to expect — and, pursuant to the manual, did expect — from its officers.
¶33 I would affirm the District Court and I dissent from the Court’s failure to do so.